**11UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**DAVID GALLEN,**

**Plaintiff,**

**- against -**

**BAEN ENTERPREISES, ET AL.,**

**Defendants.**

---

**26-cv-6114 (JGK)**

**Order**

**John G. Koeltl, District Judge:**

The pro se plaintiff has moved pursuant to Federal Rule of Civil Procedure 4(e) for an order authorizing alternative service on defendant Antonia Weisskopf ("Weisskopf"). See ECF No.17.

Federal Rule of Civil Procedure 4(e)(1) permits a plaintiff to serve a defendant by following the procedures set forth by state law in the state where the district court is located. New York Civil Practice Law and Rules Section 308 sets forth available methods of service. Where service under §§ 308(1), (2), or (4)—which generally provide variants of personal service—is impracticable, § 308(5) provides that the Court may approve alternative service methods. See, e.g., Rampersad v. Deutsche Bank Sec., Inc., No. 02-cv-7311, 2003 WL 21073951, at *1 (S.D.N.Y. May 9, 2003). Service under § 308(5) requires a showing of impracticability of the other methods of service, but does not require a showing of due diligence. Id.

The plaintiff had adequately demonstrated that personal service upon Weisskopf is impracticable. See ECF Nos. 13–15. The motion for an order

authorizing alternative service on Weisskopf is accordingly **granted**. The plaintiff may serve Weisskopf at her last-known email address.

The Clerk is respectfully requested to close ECF Nos. 17.

**SO ORDERED.**

**Dated: New York, New York**
**August 13, 2026**

**/s/ John G. Koeltl**
**John G. Koeltl**
**United States District Judge**